IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **COURTNEY BOWLES-SNAILER,** ) | |
| ) | |
| **Plaintiff,** ) | Case No. CIV-22-139-RAW-GLJ |
| **v.** ) | |
| ) | |
| **TEXOMA LABS, INC,** ) | |
| ) | |
| **Defendant.** ) | |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff Courtney Bowles-Snailer's Motion for Default Judgment against Defendant Texoma Labs, Inc. (Doc. #42). This case has been referred to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72 & 73. For the reasons outlined below, the undersigned Magistrate Judge finds that default judgment should be entered in favor of Plaintiff and against Defendant.

**I.    BACKGROUND**

Because Defendant has failed to defend or otherwise respond to this action and default has been entered, the following factual allegations contained in Plaintiff's Amended Complaint (Doc. #15) are taken as true. *United States v. Real Prop. Known as 7208 E. 65th Place, Tulsa, Oklahoma*, 2017 WL 5476398, at *2 (N.D. Okla. Feb. 17, 2017).

Plaintiff began working as a Warehouse and General Manager for Defendant at its facility in Ardmore, Oklahoma on or about February 2, 2020. She last worked for Defendant during the workweek of October 7, 2021 through October 14, 2021. The wages due Plaintiff for the work were $695.16.

On October 15, 2021, Plaintiff was required to miss work because of a serious health

condition that necessitated surgical intervention.

As of October 2021, Plaintiff was an employee within the meaning of the Family and Medical Leave Act of 1993 ("FMLA"). Defendant was an employer within the meaning of the FMLA because it employed in excess of 50 employees within a 75-mile radius of Plaintiff's primary work site. Plaintiff was also an employee within the meaning of the Oklahoma Protection of Labor Act, as amended ("OPLA") and Defendant was an employer within the meaning of the OPLA.

In relation to her needed surgery, Plaintiff disclosed her serious health condition to her boss, Ernest Nycz, and provided advance notice about needing a two-week leave of absence. Mr. Nycz approved the two-week leave of absence. During the leave of absence, Plaintiff received a telephone call from Mr. Nycz on October 23, 2021, wherein Mr. Nycz inquired about Plaintiff's health and possible return to work. After hearing Plaintiff's health-related update and that she would be under lifting restrictions upon returning to work, Mr. Nycz told Plaintiff that Defendant would not make any accommodations for her upon her return. Mr. Nycz further advised that Defendant would not pay Plaintiff to work if she was subject to lifting restrictions.

Plaintiff understood Mr. Nycz to be firing her, but to confirm her understanding, Plaintiff asked "so are you saying I need to find a new job?" Mr. Nycz confirmed Plaintiff's understanding of his communication by saying "I guess so!" The next day, on October 24, 2021, Mr. Nycz sent a text to Plaintiff that seemingly rescinded the termination of her employment. Mr. Nycz told Plaintiff to "take tomorrow off and I will call you and figure out what we (sic) doing this week . . you likely need another week to get all better. We will figure out the pay let's talk tomorrow afternoon."

But, Mr. Nycz did not call Plaintiff the next day – on October 25, 2021 – or any day

thereafter. The following week Plaintiff tried to make contact with Mr. Nycz by telephone and email, but he never responded to her communications.

Plaintiff's doctor released her to return to work on or about November 2, 2021, but Defendant did not restore Plaintiff to her job.

By email communication in November 2021 and December 2021, Plaintiff requested to be paid the wages due her for the period October 7, 2021 through October 14, 2021. Defendant never responded to Plaintiff's requests and never paid Plaintiff for the hours she worked during the period October 7, 2021 through October 14, 2021.

This case commenced on May 6, 2022. [Doc. #3.] Plaintiff subsequently filed an Amended Complaint on August 19, 2022. [Doc. #15]. On January 11, 2023, following the entry of substitute counsel for Plaintiff, an Alias Summons was issued to Defendant, in care of its Vice-President and managing executive, Mr. Nycz. [Doc. #29, #31.] On February 2, 2023, the Alias Summons and Amended Complaint were properly served on Defendant by delivering a copy of the Alias Summons and Amended Complaint to Mr. Nycz. [Doc. #35].

Because Defendant failed to appear, plead, or otherwise defend in this case as provided by the Federal Rules of Civil Procedure, Plaintiff moved the Clerk of the Court to enter Defendant's default. [Doc. #38.] The Clerk of the Court found that the Alias Summons and Amended Complaint in this action were properly served on the Defendant and Defendant had failed to plead or otherwise defend in the case. Accordingly, the Clerk of the Court entered Defendant's default on April 13, 2023. [Doc. #41.]

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise, the clerk must enter the party's default." Entry of default by the Clerk under Rule 55(a) must precede the grant of a default judgment under Rule 55(b). "Once default is entered, 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, FED. PRAC. AND PROC. § 2688, at 63 (3d ed. 1998)). "There must be a sufficient basis in the pleadings for the judgment entered." *Id*. (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). A default judgment may be entered without a hearing if the amount of damages is capable of mathematical calculation. *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011). Sworn affidavits and supporting documentation may support an award of damages and obviate the need for a formal evidentiary hearing. FED. R. CIV. P. 55(a)(1).

## III.     DISCUSSION

### A.     Defendant Violated the FMLA

Taking all of Plaintiff's allegations as true, they provide a sufficient factual basis for entry of default judgment against Defendant on her FMLA claims

The FMLA entitles a qualified employee to take up to twelve weeks of leave during any twelve month period "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). It is unlawful for any employer to interfere with or retaliate against an employee's exercise or attempted exercise of these rights. 29 U.S.C. § 2615(a). "To establish an FMLA interference claim, an employee must show that (1) [s]he was entitled to FMLA leave, (2) an adverse action by [her] employer interfered with [her] right to take FMLA leave, and (3) this adverse action was related to the exercise or attempted exercise of the employee's FMLA rights." *DePaula v. Easter Seals El Mirador*, 859

F.3d 957, 978 (10th Cir. 2017) (quoting *Brown v. ScriptPro, LLC*, 700 F.3d 1222, 1226 (10th Cir. 2012)). "A deprivation of these rights is a violation regardless of the employer's intent, and the McDonnell Douglas burden shifting analysis does not apply." *Id*. (internal quotation marks omitted). And the employer has the burden of proving it would have terminated the employee regardless of the employee's FMLA leave. *Sabourin v. Univ. of Utah*, 676 F.3d 950, 962 (10th Cir. 2012).

FMLA retaliation claims are analyzed pursuant to the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the burden-shifting approach, "the plaintiff bears the initial burden of establishing a prima facie case of retaliation. If the plaintiff does so, then the defendant must offer a legitimate, non-retaliatory reason for the employment action. The plaintiff then bears the ultimate burden of demonstrating that the defendant's proffered reason is pretextual." *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1170 (10th Cir. 2006). To make out a prima facie retaliation claim, Plaintiff must show that: "(1) she engaged in a protected activity; (2) [her] employer took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action." *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007). Close temporal proximity between a FMLA leave request and a firing suffices to establish a prima facie case of retaliation. *See Metzler*, 464 F.3d at 1171-72; *see also* F*oster v. Mountain Coal Co.*, 830 F.3d 1178, 1191 (10th Cir. 2016) (explaining prior case law to be that temporal proximity of something less than three months can establish a prima facie case of retaliation).

Defendant, by not answering or otherwise responding, has admitted the well-pleaded factual allegations of Plaintiff's Amended Complaint (Docket No. 15). Defendant has therefore admitted claims for FMLA interference and retaliation. Thus, the entry of default judgment against

Defendant on Plaintiff's FMLA claims is appropriate.

**B.  Defendant Violated the OPLA**

Taking all of Plaintiff's allegations as true, the undersigned Magistrate Judge likewise finds that they provide a sufficient factual basis for entry of default judgment against Defendant on Plaintiff's OPLA claim. The OPLA requires that whenever an employee's employment terminates, the employer must pay the employee's wages in full, less offsets, at the next regular-designated payday established for the pay period in which the work was performed. OKLA. STAT. tit. 40, § 165.3. Defendant failed and refused to pay Plaintiff for the hours she worked during the period October 7, 2021 through October 14, 2021. Thus, the entry of default judgment against Defendant on Plaintiff's OPLA claim is appropriate.

**C.  Damages**

An employer who violates Section 2615 of the FMLA shall be liable to the eligible employee affected for damages equal to the amount of wages, salary, employment benefits, or other compensation denied or lost to the employee by reason of the employer's violation, with interest added thereon. 29 U.S.C. § 2617(a)(1)(A). Additionally, an employer who violates the act shall be liable for liquidated damages in an amount equal to backpay plus prejudgment interest, unless it "proves to the satisfaction of the court that the act or omission . . . was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation." *Id*. Finally, the FMLA also provides that "the employer . . . shall be liable . . . for equitable relief as may be appropriate." 29 U.S.C. § 2617(a)(1)(B). Front pay is an equitable remedy available under the FMLA. *See Smith v. Diffee Ford–Lincoln–Mercury, Inc.*, 298 F.3d 955, 965 (10th Cir. 2002).

Pursuant to the OPLA, an employer who fails to pay an employee's wages as required by

OKLA. STAT. tit. 40, § 165.3(A), shall be additionally liable for liquidated damages (in the amount of two percent (2%) of the unpaid wages for each day upon which such failure shall continue after the day upon which payment is required, or in an amount equal to the unpaid wages, whichever is smaller). OKLA. STAT. tit. 40, § 165.3(B)

Plaintiff requests this Court issue a judgment awarding: (1) backpay and liquidated damages on her FMLA claims with interest thereon; (2) front pay on her FMLA claims; (3) unpaid wages and liquidated damages on her OPLA claim with interest thereon; and attorneys' fees and costs (as may be sought by separate motion). Given that Plaintiff's claimed damages are readily calculable and well-supported by the facts and information set out in the Amended Complaint and the evidence submitted with the instant motion, the undersigned Magistrate Judge finds an evidentiary hearing is not necessary to determine the amount of damages.

Plaintiff was terminated while out on FMLA leave and not allowed to return to work after being released to do so on November 2, 2021. At the time of her termination, Plaintiff's rate of pay was $25.00 per hour and she generally worked 40 hours per week. [Doc. #42-2.] Plaintiff searched for work after being terminated and found a temporary position in February 2022. In that job – expressly limited to six months – Plaintiff was paid twice monthly. She worked 44 hours per week and was paid $21.00 per hour. Immediately upon the conclusion of the temporary work in mid-August 2022, Plaintiff began working for Taras Real Estate. She worked about 33 hours per week and was paid $21.00 per hour. In 2023, Plaintiff's pay was increased to $22.00 per hour and she continued to work about 33 hours per week. Plaintiff continues to work for Taras Real Estate and plans and expects to continue in such employment. [Doc. #42-2.]

Accordingly, the undersigned Magistrate Judge finds that with respect to Defendant's violation of the FMLA, Defendant owes Plaintiff backpay in the total amount of $30,718.00 and

is additionally liable for liquidated damages in the amount of $30,718.00; thus, entitling Plaintiff to a total award of **$61,436.00** with interest thereon. The undersigned Magistrate Judge further finds that Defendant is liable to Plaintiff for her post-judgement lost earnings for one-year, in the total amount of **$14,248.00**.

With regard to Plaintiff's OPLA claim, the Court finds that Defendant owes $695.16 to Plaintiff in payment for her work during the workweek of October 7, 2021 through October 14, 2021 and is additionally liable for liquidated damages in the amount of $695.16; thus, entitling Plaintiff to a total award of **$1,390.32** with interest thereon.

## IV. CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's Motion for Default Judgment (Doc. #42) against Defendant Texoma Labs, Inc. be **GRANTED**, and that Judgment be in Plaintiff's favor and against Defendant as to her FMLA claims, in the amount of **$61,436.00** for backpay and liquated damages and **$14,248.00** in front pay. Furthermore, the undersigned Magistrate Judge recommends that Judgment be in Plaintiff's favor and against Defendant as to her OPLA claim, in the amount of **$1,390.32** for wages due and liquated damages. Costs and reasonable attorneys' fees may be additionally awarded if timely application is made therefor. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**IT IS SO ORDERED this 9th day of June, 2023**.

_____
GERALD L. JACKSON
United States Magistrate Judge