IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COURTNEY BOWLES-SNAILER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-139-RAW-GLJ |
| | ) |
| TEXOMA LABS, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Following a motion for default judgment in this case, this Court entered Judgment in favor of Plaintiff Courtney Bowles-Snailer against Texoma Labs, Inc. This matter comes before the Court on Plaintiff's Motion for Award of Attorney's Fees [Docket No. 48]. The Court referred this motion to the undersigned Magistrate Judge for final disposition pursuant to 28 U.S.C. § 636(b)(1) [Docket No. 50]. For the reasons set forth below, the Court finds that Plaintiff's Motion for Award of Attorney's Fees [Docket No. 48] is hereby GRANTED.

### BACKGROUND/PROCEDURAL HISTORY

Plaintiff filed this case on May 6, 2022 [Docket Nos. 1-3]. Plaintiff filed an Amended Complaint on August 19, 2022, in order to correct a scrivener's error [Docket Nos. 14-15]. Plaintiff issued summons on September 16, 2022, and it was returned executed on October 6, 2022 [Docket Nos. 19-20]. On October 14, 2022, the Court referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72

[Docket No. 21]. Plaintiff moved for default judgment on October 27, 2022, which the Court Clerk denied without prejudice on November 21, 2022 [Docket Nos. 23, 25]. Plaintiff then issued alias summons on January 19, 2023, which was returned executed on February 17, 2023 [Docket Nos. 31, 35]. On March 28, 2023, Plaintiff again moved for entry of default by the Court Clerk, which was granted on April 13, 2023 [Docket Nos. 38, 41]. Plaintiff then moved for default judgment, and the undersigned Magistrate Judge issued a Report and Recommendation that this Court grant Plaintiff's Motion. On August 10, 2023, the Court affirmed and adopted the Report and Recommendation, and granted Plaintiff's Motion for Default Judgment, awarding her $61,436.00 for backpay and liquidates damages under FMLA, $14,248.00 for front pay under FMLA, and $1,390.32 for wages due and liquidated damages under the Oklahoma Protected of Labor Act [Docket Nos. 42-45]. Plaintiff filed the present Motion for Award of Attorney's Fees on August 22, 2023 [Docket No. 48], and the response time has now expired. Plaintiff's motion was timely filed under Fed. R. Civ. P. 54(d)(2) (requiring a claim for attorney's fees to be filed no later than fourteen days after the entry of judgment).

## ANALYSIS

Entitlement to Fees. A Plaintiff is entitled to seek reimbursement for reasonable attorney fees if they are a prevailing party in an FMLA action, such as this case. 29 U.S.C. § 2617(a)(3) ("The court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant."). Here, Plaintiff is the prevailing party against Defendant Texoma Labs, Inc., in this FMLA interference and retaliation case.

*Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992) ("[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."). The question here is what fee is "reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (After finding a Plaintiff a "prevailing party," "[i]t remains for the district court to determine what fee is reasonable."); *see also Farrar*, 506 U.S. at 114 ("[W]e hold that the prevailing party inquiry does not turn on the magnitude of the relief obtained.").

The starting point for a reasonable fee is the "lodestar" figure, which is "the number of hours expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. This calculation of the "lodestar figure" typically yields a presumptively reasonable attorney's fee, though the "presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). *See also Two Old Hippies, LLC v. Catch the Bus, LLC*, 277 F.R.D. 448, 464-465 (D.N.M. 2011) (discussing factors supporting a lodestar award). In making these determinations, the Court may refer to affidavits, briefs, and depositions. *See Jones v. Eagle-North Hills Shopping Centre, L.P.*, 478 F. Supp. 2d 1321, 1326 (E.D. Okla. 2007) (*citing National Association of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1325 (D.C. Cir. 1982) *and Association for Disabled Americans, Inc. v. Integra Resort Management, Inc.*, 385 F. Supp. 2d 1272, 1287 (M.D. Fla. 2005)). Furthermore, the Court is entitled to rely on its own knowledge and experience in determining an appropriate number of hours for the relief requested. *See Mares v. Credit Bureau of Raton*,

801 F.2d 1197, 1203 (10th Cir. 1986) ("A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use.")); *Jones*, 478 F. Supp. 2d at 1326 ("[T]he Court may consider a request for attorney fees in light of its own knowledge and experience with or without the aid of witnesses as to value or hours dedicated to litigation.").

Plaintiff seeks a total of **$6,861.00** in attorneys' fees for **18.55** hours of work, distributed as follows:

| Counsel | Total Hours | Rate | Compensation |
| --- | --- | --- | --- |
| Mr. Jonathan Shook (Lead Counsel) | 16.25 | $400 per hour | $6,500.00 |
| Ms. Kassidy Quinten (Associate) | 1.4 | $200 per hour | $280.00 |
| Ms. Jan Russell (Paralegal) | .9 | $90 per hour | $81.00 |
| TOTAL | 18.55 | | $6,861.00 |

The Court addresses the hours and rates in turn, to ensure Plaintiff meets her burden of "prov[ing] and establish[ing] the reasonableness of each dollar, each hour, above zero." *Mares*, 801 F.2d at 1210. *See Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) ("'[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'") (quoting *Mares,* 801 F.2d at 1201) (quoting *Hensley,* 461 U.S. at 437).

**Hourly Rate**.  Plaintiff claims her attorneys expended 18.55 hours of work in this case since January 2023, at rates ranging from $90/hour to $400/hour, as set forth above. In light of Defendant's failure to respond, as well as the Court's knowledge of customary

hourly rates in Tulsa, Oklahoma, *see Chatman v. Buller*, 2013 WL 5729603, at *2 n.3 (E.D. Okla. (finding Tulsa, Oklahoma part of the "relevant area for purposes of determining a reasonable rate," due to its proximity to the Eastern District of Oklahoma and the number of Tulsa-based attorneys who practice in this Court), and knowledge of the local practice in general, the Court has no trouble concluding that $400/hour for Mr. Shook as Lead Counsel, $200/hour for Ms. Quinten as an Associate, and $90/hour for Ms. Russell as a Paralegal are reasonable hourly rates for the attorneys in this case.  *See Jones*, 478 F.Supp.2d at 1326 (noting that "the Court may consider a request for attorney fees in light of its own knowledge and experience with or without the aid of witnesses as to value or hours dedicated to litigation.").

**Hours Billed**.  Turning to the number of hours in the billing record, Plaintiff's attorneys and paralegal seek a collective 18.55 total billing hours.  Based on a review of the information submitted by Plaintiffs, including the briefing and the detailed billing record, as well as the results obtained by Plaintiff, the Court finds that 18.55 hours was reasonably spent in pursuit of an ultimate default judgment in this case.  *See Read v. Oklahoma Flintrock Prod., LLP*, 2023 WL 3510494, at *3 (N.D. Okla. May 17, 2023) (The Court must consider "'whether the attorney's hours were necessary under the circumstances' and 'approaches this reasonableness inquiry much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients.'") (quoting *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (cleaned up)). Additionally, the Court notes that Mr. Shook exercised billing judgment in removing .7 hours of time spent on essentially administrative tasks.  *See* Docket No. 48, Ex. 1, p. 4.

Accordingly, the Court finds the billing entries reasonable and that Mr. Shook, Ms. Quinten, and Ms. Russell should be compensated for their time as requested, at the aforementioned hourly rates. *See Jones*, 478 F. Supp. 2d at 1326.

**Summary.**  The Court finds that attorneys' fees and costs should be awarded as set forth below:

| Counsel | Total Hours | Rate | Compensation |
|---|---|---|---|
| Mr. Jonathan Shook (Lead Counsel) | 16.25 | $400 per hour | $6,500.00 |
| Ms. Kassidy Quinten (Associate) | 1.4 | $200 per hour | $280.00 |
| Ms. Jan Russell (Paralegal) | .9 | $90 per hour | $81.00 |
| TOTAL | 18.55 | | $6,861.00 |

Accordingly, Plaintiff shall be awarded reasonable attorneys' fees in the amount of **$6,861.00**, for **18.55** hours of work.

## Conclusion

Plaintiff's Motion for Award of Attorney's Fees [Docket No. 48] is hereby GRANTED. The Defendant is hereby ORDERED to pay Plaintiff $6,861.00 in attorneys' fees.

IT IS SO ORDERED this 19th day of September, 2023.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**