IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COURTYNEY BOWLES-SNAILER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-139-RAW-GLJ |
| | ) |
| TEXOMA LABS, INC., | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Writ of Execution (Docket No. 52) against Defendant Texoma Labs, Inc. The Court referred this matter to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the undersigned Magistrate Judge accordingly RECOMMENDS [1] Plaintiff's Motion be GRANTED as to the chattels of Texoma Labs, Inc.

## BACKGROUND

On May 6, 2022, Plaintiff filed her Complaint against Defendant for violation of the Family and Medical Leave Act (FMLA) of 1993, the Fair Labor Standards Act (FLSA) of 1938, and the Oklahoma Protection of Labor Act (OPLA) seeking, *inter alia,* to enjoin such conduct and a judgment in the amount equal to actual and liquidated damages

---

[1] "[A] magistrate judge exercising 'additional duties' [including post-trial motions] jurisdiction can only recommend an appropriate disposition of a post-judgment matter." *United States v. Tate*, 2009 WL 960142, at *1 (W.D. Okla. Apr. 7, 2009) (citing 28 U.S.C. § 636(b); *United States v. Thompson,* 285 Fed. Appx. 522, 524 (10th Cir. 2008) (holding magistrate judge lacked authority to issue order approving writ of execution).

incurred. Docket No. 3. Plaintiff amended her Complaint on August 19, 2022, then moved for Entry of Default by the Clerk [Docket No. 23] on October 27, 2022. The Motion was denied for absence of proof of proper service. Docket No. 25. Plaintiff then obtained proper service, Defendant failed to appear in this case, and Plaintiff again moved for Entry of Default by the Clerk on March 28, 2023 [Docket No. 38], which was granted on April 13, 2023 [Docket No. 41]. Plaintiff moved for Default Judgment[2] [Docket No. 42] on May 18, 2023, which was ultimately granted [Docket Nos. 44-45] as to three of her claims on August 10, 2023. The Court's Order granting Default Judgment found Plaintiff was entitled to damages amounting to $77,074.32 [Docket No. 44]. The Court Clerk granted Plaintiff's Motion for costs in the amount of $608.00 [Docket No. 49], and the undersigned Magistrate Judge awarded $6,861.00 in attorney's fees [Docket No. 51]. The total principal amount of Plaintiff's judgment against Defendant is therefore $84,543.32.

In the present Motion for Writ of Execution, Plaintiff asserts that her Judgment in the amount of $77,074.32, as well as the Order Taxing Costs ($608.00) and the Order Awarding Attorney Fees ($6,861.00) have not been satisfied and that the full amounts remain due and unpaid [Docket No. 52]. Defendants' deadline for responding to the Motion for Writ of Execution was January 3, 2024. No response has been filed. Because motions seeking the issuance of a Writ of Execution are case dispositive, *see Thompson*, 285 Fed.

---

[2] Plaintiff's Amended Complaint contained four claims: (1) FMLA interference, (2), FMLA retaliation, (3) failure to pay overtime in violation of the FLSA, and (4) failure to pay wages in violation of the OPLA. *See* Docket No. 15, pp. 4-8, ¶¶ 25-53. However, Plaintiff only moved for Default Judgment as to Claims 1, 2, and 4, and those are the claims for which she has obtained Default Judgment.

Appx. at 524, the Motion for Writ of Execution cannot be deemed confessed, and an independent review of the merits must be conducted.

## REVIEW

Pursuant to this Court's Order on August 10, 2023, the allegations contained in Plaintiff's Amended Complaint [Docket No. 15] are to be taken as true. *See* Docket No. 44, p. 1. The allegations in the Complaint establish that

    a. Defendant violated the FMLA by interfering with the exercise of her rights under the FMLA and retaliated against her by firing her. Docket No. 15, pp. 4-6, ¶¶ 25-39.

    b. Defendant violated the OPLA by failing and refusing to pay certain wages due Plaintiff. *Id.*, pp. 7-8, ¶¶ 46-53.

Here, Plaintiff's Amended Complaint allegation, taken as true, establish violations of law. Throughout the course of this case, Defendant has had many opportunities to defend against these allegations. Defendant has failed to do so and, as noted above, has even failed to respond to the Motion for Writ of Execution.

Plaintiff requests that the Writ of Execution be issued against the chattels of Texoma Labs, Inc., including, without limitation, the following property:

> Any and all accounts at a financial institution in which Texoma Labs, Inc. claims any interest. Financial institution means a bank, savings association, credit union, or other entity charted under Federal or State law to engage in the business of banking.
> Any and all cash on hand found in the cash till, cash register, or usual money receptacle at the business of Texoma Labs, Inc.

Based on the foregoing, so long as the chattels are not exempt by law, Plaintiff is entitled to chattels/property for the payment of Defendant's debts. Therefore, the undersigned Magistrate Judge recommends the Court grant Plaintiff's Motion for Writ of Execution, and issue the requested writ of execution, attached as Exhibit 1, in accordance with the law. *See* Fed. R. Civ. P. 69 ("A money judgment is enforced by writ of execution, unless the court directs otherwise.").

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Defendant's Motion for Writ of Execution [Docket No. 52] should be GRANTED and that a Writ of Execution be issued against the chattels of Texoma Labs as described above. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

IT IS SO ORDERED this 12th day of January, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**